CLARA ENGLERT, Guardian, Appellant, v. ROMAN CATHOLIC MUTUAL PROTECTION SOCIETY, Appellee.

Practice in Supreme Court: REVIEW OF FINDINGS OF TRIAL COURT: RECORD. Where in a case at law, tried to the court, the facts upon which the trial court's conclusions of law were based are not sufficiently set forth in the findings of the court upon which the case is brought up for review, nor are elsewhere shown by the record in the supreme court, the latter court will not review the decision of the district court.

*Appeal from Scott District Court.* — HON. C. M. WATERMAN, Judge.

TUESDAY, MAY 19, 1891.

ACTION to recover upon a certificate of membership in the defendant society, issued to Henry Englert, providing for the payment to his children at his death of two thousand dollars, or the sum, not exceeding two thousand dollars, realized by an assessment of one dollar on each member. The cause was submitted to the court

without a jury, and upon a finding of law and facts a judgment was rendered for the defendant. The plaintiff appeals.—*Affirmed.*

*Heinz & Hirschl,* for appellant.

*Baker & Ball,* for appellee.

BECK, C. J.—I.   As we understand the abstract before us, recovery was had for the defendant on the ground that the father of the plaintiff's wards, to whom the certificate sued on was issued, failed to pay assessments made upon him, pursuant to the rules and laws of the defendant society, and that thereby, under a provision of the constitution of the defendant, he forfeited his membership in life, and all rights, interest and benefits arising therefrom.

II.   The district court found upon the facts, as a conclusion of law, that the right to recover in this action is defeated by the default of Englert in failing to pay assessments against him.   But the district court failed to state the facts found, further than is shown by the following extract from the findings of the court below :

"Finding of fact:   I find as matter of fact that section 2, article 5, of the constitution, as set out in the pamphlet of 1882, was valid and binding upon the corporation at the time of Henry Englert's default."

This is the only finding of fact set out in the abstract, and it will be observed that it is so incomplete that it does not show the language, substance or purport of the provisions of the constitution which the district court held, in its conclusion of law, was decisive of the case.   From the findings it is impossible to determine the effect of the provision of the constitution referred to.   No other finding of fact is stated.   On this finding of fact the district court bases a conclusion of law in the following language :

"Conclusion of law :   I find that, by his failure to pay such assessments, said Henry Englert was *ipso*

*facto* suspended ; that is, his rights under his certificate
were thereby temporarily cut off ; not having been rein-
stated at the time of his death, all liability of the
society then absolutely ceased."

This conclusion of law, is the foundation of the
judgment of the court below.    What follows and pre-
cedes the foregoing in the findings of the district court
is argument and statement of the case.    Section 2,
article 5, of the constitution, is nowhere set out in the
findings of the court or the pleadings.    In the argu-
ment presented in the findings is found a quotation of a
line, and a statement of the same length, as to the effect
of a prior provision of the constitution amended by the
provision relied upon as decisive of this case; a state-
ment made of another provision of the constitution,
regarded as aiding in the construction of the decisive
provision, and further on a quotation of a line from it
is made.    The court below declares in this finding that
the provisions are the same ; the one now in force
expressing the same idea of the other in more apt
language.

III.    The abstract does not present the evidence in
the case, and the pleadings fail to show the language of
section 2, article 8, of the constitution of the defendant,
upon which the district court based the decision of the
case.    It is impossible for us to review the rulings of
the district court in construing these provisions, for it
is not presented to us in a shape, or to an extent, which
enables us to determine just what it means, and just
what effect should be given to it.    There are no other
questions presented for our consideration.

For the reason that the finding of the district court
fails to present the facts not found elsewhere in the
abstract, we cannot review the decision of the district
court.    Its judgment, therefore, must be AFFIRMED.